Filed 4/28/16  McFadden v. City of Los Angeles CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MARY McFADDEN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY OF LOS ANGELES et al.,<br><br>    Defendants and Respondents. | B254992<br><br>(Los Angeles County<br>Super. Ct. No. BC493938) |

APPEAL from a judgment (order of dismissal) of the Superior Court of Los Angeles County, Joseph R. Kalin, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Mary McFadden, in pro. per., for Plaintiff and Appellant.

Michael N. Feuer, City Attorney, Terry Kaufmann-Macias, Assistant City Attorney, Amy Brothers, Deputy City Attorney for Defendants and Respondents City of Los Angeles, Andrew Adelman, Roxanne Wiles and Ben Mathias.

_____

Plaintiff Mary McFadden appeals from an order dismissing this action for failure to post a security bond after the trial court declared her a vexatious litigant. For the reasons explained below, we affirm the portions of the order declaring McFadden a vexatious litigant, imposing a prefiling order, and requiring her to post a security bond. We reverse the portion of the order dismissing the action because the trial court did not set a deadline for McFadden to post a bond before it dismissed the action based on her failure to post a bond.

## BACKGROUND

In October 2012, McFadden, in pro. per., filed this action against the Los Angeles County Treasurer and Tax Collector (the County), challenging the pending public auction of her property located at 1446 West 37th Drive in Los Angeles. According to the complaint, the auction was scheduled for October 22-23, 2012.

Although the complaint originally did not name the City of Los Angeles (the City) as a defendant, the complaint included allegations that the Department of Building and Safety of the City of Los Angeles (the Department) had wrongfully demolished McFadden's house (located at 1446 West 37th Drive) in 2005 without obtaining a court order authorizing it to do so.

On October 17, 2012, McFadden filed an ex parte application to stay the public auction, which the trial court denied.

In May 2013, McFadden amended her complaint to substitute the names of the Department and three of the City's employees (Andrew Adelman, Ben Mathias and Roxanne Wiles) for Doe defendants 1-4.

This is the fourth case McFadden has filed against the City concerning the demolition of her house. In the first case (BS095404), filed on March 4, 2005, McFadden filed a petition for writ of mandate challenging the decision by the Board of Building and Safety Commissioners of the City of Los Angeles (the Board) that her property constituted a public nuisance and that no additional time should be granted to her to abate the property. The trial court denied the petition and the Court of Appeal

2

affirmed on the merits. (*McFadden v. Board of Building and Safety Commission* (Mar. 13, 2009, B196818) [nonpub. opn.].)

In the second case (BC345396), filed on January 4, 2006, McFadden filed an action against the City, the Department, the Board, and Ben Mathias for inverse condemnation, wrongful eviction and deprivation of civil rights arising from the Board's public nuisance determination and the subsequent demolition of her house. The trial court granted the defendants' motion for judgment on the pleadings and the Court of Appeal affirmed on res judicata grounds. (*McFadden v. City of Los Angeles* (June 14, 2011, B222154) [nonpub. opn.].)

In the third case (BC468177), filed on August 23, 2011, McFadden filed an action against the City, the Department, the Board, Andrew Adelman, Ben Mathias, and Roxanne Wiles. As set forth in the trial court's order granting the defendants' motion for judgment on the pleadings in that case, McFadden alleged, among things, (1) that the defendants prevailed in the first case (BS095404) "by lying to the court and concealing various facts from" McFadden, and (2) "that there was never a final administrative adjudication with respect to" her property. The court granted the motion on res judicata grounds. McFadden appealed from the judgment, but later abandoned her appeal. The appellate court dismissed the appeal at McFadden's request.

In June 2013, the County filed a motion for judgment on the pleadings in the present action, which McFadden opposed. In July 2013, the City and its employees filed demurrers to the complaint, which McFadden opposed.

On September 5, 2013, the date of the hearing on the motion for judgment on the pleadings and the demurrers, the trial court issued a tentative ruling granting the motion with leave to amend and sustaining the demurrers without leave to amend. In its tentative ruling, the court concluded McFadden's action against the City and its employees was barred by res judicata, explaining: "This is McFadden's fourth case against the City, the Department of Building and Safety, and the City employees involved with the demolition decision on plaintiff's house. The appeal in case No. BS095404 was decided against plaintiff in March 2009, and two more cases by McFadden against the City (and its

3

employees Adelman and Mathias for being in privity with the City) have already been determined against McFadden on res judicata. [Citation.] This case also has to do with the decision by the City to demolish plaintiff's house. See Complaint, ¶¶ 18-24. It is barred by res judicata." The court also concluded McFadden's action against the County is barred because McFadden failed to comply with the California Tort Claims Act.

The trial court did not issue a final ruling on the motion for judgment on the pleadings and the demurrers because McFadden had a bankruptcy case pending. The court continued the matters pending resolution of the bankruptcy case.

On September 27, 2013, the City and its employees filed a motion for an order declaring McFadden a vexatious litigant under Code of Civil Procedure section 391, subdivisions (b)(2)-(3),[1] for an order requiring McFadden to post a bond under section 391.1, and for a prefiling order prohibiting McFadden from filing new litigation in pro. per. without obtaining leave of the presiding judge under section 391.7. The bankruptcy court granted the City's motion for relief from the automatic stay to pursue the vexatious litigant motion. On January 8, 2014, after several continuances of the hearing date on the motion, McFadden filed an opposition to the motion. She requested additional time to hire an attorney.

On January 9, 2014, the trial court held a hearing on the vexatious litigant motion. The court denied McFadden's request for a continuance to find an attorney, explaining the court already had continued the matter so McFadden could hire an attorney.[2] On the

_____

[1] Further statutory references are to the Code of Civil Procedure.

[2] The hearing on the vexatious litigant motion originally was set for October 23, 2013. On October 18, 2013, the trial court continued the hearing to November 1, 2013 due to pendency of the bankruptcy proceedings. On November 1, 2013, the court continued the hearing to December 12, 2013 because the bankruptcy proceedings had not resolved. On December 12, 2013, McFadden sought a further continuance to hire an attorney. The court set the hearing for January 9, 2014. McFadden had ample time between September 27, 2013—the date the City and its employees filed the motion—and January 9, 2014—the date the court heard the motion—to hire an attorney. The trial court did not abuse its discretion in declining to grant a further continuance. (*In re*

4

merits, the court ruled: "The motion to deem plaintiff McFadden a vexatious litigant is granted. The plaintiff meets the definition of a vexatious litigant because she repeatedly has attempted to relitigate the same case against the Defendant City of Los Angeles for condemning and demolishing her house and has already lost in three prior cases and two prior appeals, making this her fourth case. [¶] Plaintiff filed a nonsubstantive opposition with this court after having been given extra time to do so but has not given the court any arguments on the merits. Plaintiff Mary McFadden is hereby prohibited as a vexatious litigant from filing any new litigation in the courts in this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed. Disobedience of the court order by a vexatious litigant may be punished as a contempt of court by CCP 391.7. [¶] Further, as there is no reasonable probability the plaintiff will prevail in the litigation, plaintiff is ordered to post a bond in the amount of $5,000 in order to proceed with the action under CCP 391.1 to 391.3. [¶] This case is automatically stayed from the time the motion was filed until ten days after plaintiff posts the required security under CCP 391.6. If the bond is not posted, the action will be dismissed as to the Defendant City of Los Angeles under CCP 391.4." The trial court ordered the City to give notice of the ruling. The court did not issue an order setting forth its ruling.

On January 21, 2014, the City mailed McFadden notice of the January 9, 2014 ruling. Three days later, on January 24, 2014, the trial court dismissed the action with an order stating: "The Court having after hearing found plaintiff Mary McFadden to be a vexatious litigant by order of January 9, 2014 ordered her to post security of $5,000 and the security not having been timely posted plaintiff's lawsuit is dismissed pursuant to Code of Civil Procedure Section 391.3(b) [*sic*].[3] [¶] Pursuant to Code of Civil

---

*Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 823 ["Reviewing courts must uphold a trial court's choice not to grant a continuance unless the court has abused its discretion in so doing"].)

[3] The statutory provision for dismissal of an action for failure to post a security bond is section 391.4, not section 391.3, subdivision (b), as the trial court incorrectly

5

Procedure section 391.7 plaintiff is ordered not to file any new litigation in any court without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. Disobedience of this order by a vexatious litigant may be punished as a contempt of court."

## DISCUSSION

McFadden appeals from the dismissal order, challenging the finding she is a vexatious litigant, the imposition of a prefiling order, the requirement she post a security bond, and the ultimate dismissal of her action.

As defined in section 391, subdivision (b)(2), "Vexatious litigant" means a person who, "[a]fter a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined." This is the fourth case McFadden, in pro. per., has litigated against the City concerning the demolition of her house. In each of the prior three cases, the City prevailed on the merits. The trial court did not abuse its discretion in declaring McFadden a vexatious litigant. (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 636 ["The trial court exercises its discretion in determining whether a person is a vexatious litigant. Review of the order is accordingly limited and the Court of Appeal will uphold the ruling if it is supported by substantial evidence"].)

Having properly determined McFadden is a vexatious litigant, the trial court did not err in imposing a prefiling order, as requested by the City and its employees. (§ 391.7, subd. (a) ["the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the

cited. The latter provision governs dismissal of an action after the court determines the action is without merit and was filed for purposes of harassment or delay, which is not the reason the court stated for dismissing this action.

courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed"].)

Nor did the trial court err in requiring McFadden to post a $5,000 security bond. As provided in section 391.3, subdivision (a), "if, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix." The trial court's conclusion McFadden does not have a reasonable probability of prevailing in this action is proper. In the three prior actions McFadden filed against the City regarding demolition of her house, the City prevailed on the merits, the last two times on res judicata grounds. A "court's decision that a vexatious litigant does not have a reasonable chance of success in the action is based on an evaluative judgment in which the court weighs the evidence. If there is any substantial evidence to support the court's determination, it will be upheld." (*Golin v. Allenby*, *supra*, 190 Cal.App.4th at p. 636.)

The trial court did err, however, in failing to set the deadline for McFadden to post a bond. As quoted above, under section 391.3, subdivision (a), where a court orders a plaintiff to post a bond, "the court shall fix" the time within which the plaintiff must post the bond. Here, the trial court ruled on January 9, 2014, that McFadden must post a bond in the amount of $5,000 in order to proceed with the action, but the court set no deadline for McFadden to post the bond. The court did not comply with the statutory requirements of section 391.3, subdivision (a).

The trial court did not issue an order setting forth its January 9, 2014 ruling on that date. The court ordered the City to give notice of the ruling (although McFadden was present when the court stated its ruling). On January 21, 2014, the City mailed McFadden a notice of ruling stating, in pertinent part, "as there is no reasonable probability the Plaintiff will prevail in the litigation, Plaintiff is ordered to post a bond in the amount of $5,000 in order to proceed with this action under Code of Civil Procedure sections 391.1 to 391.3. This case is automatically stayed from the time the motion was

7

filed until ten days after plaintiff posts the required security under CCP 391.6. If the bond is not posted, the action will be dismissed as to the DOE Defendants City of Los Angeles, Wiles, Adelman, and Mathias under Code of Civil Procedure section 391.4."[4] As the court did not fix the time within which McFadden must post a bond, the City's notice of ruling did not set forth a deadline for McFadden to post a bond.

On January 24, 2014, only three days after the City mailed McFadden notice of the January 9, 2014 ruling, the trial court dismissed McFadden's action for failure to post a bond. The dismissal of McFadden's action was error and must be reversed. The trial court could not dismiss McFadden's action for failure to post a bond without first setting a deadline for McFadden to post a bond, as required under section 391.3, subdivision (a).[5]

Moreover, the order for McFadden to post a bond applied only to McFadden's action against the City and its employees, "the defendant[s] for whose benefit [the bond] was ordered furnished." (§ 391.4.) That order did not apply to McFadden's action against the County, as confirmed in the trial court's January 9, 2014 ruling: "If the bond is not posted, the action will be dismissed as to the DOE Defendants City of Los Angeles, Wiles, Adelman, and Mathias under Code of Civil Procedure section 391.4." Nonetheless, the trial court dismissed the entire action. The court had no cause to dismiss McFadden's action against the County based on McFadden's failure to post a bond that was ordered for the benefit of the City and its employees.

On remand, McFadden may not challenge the portions of the order declaring her a vexatious litigant, imposing a prefiling order, or requiring her to post a $5,000 security bond for the benefit of the City and its employees, as we have affirmed those portions of

---

[4] Section 391.4 states: "When security that has been ordered furnished is not furnished as ordered, the litigation shall be dismissed as to the defendant for whose benefit it was ordered furnished."

[5] The March 21, 2016 request for judicial notice McFadden filed in support of her letter brief addressing this issue (the trial court's dismissal of the action without first setting a deadline for her to post a bond) is denied. The documents McFadden submitted with her request for judicial notice are not necessary to our resolution of this issue.

8

the order on the merits.  In accordance with section 391.3, subdivision (a), the trial court is directed to fix the time within which McFadden must post the bond.

## DISPOSITION

The portions of the order declaring McFadden a vexatious litigant, imposing a prefiling order, and requiring her to post a $5,000 security bond for the benefit of the City and its employees are affirmed.  The dismissal of the action is reversed as to all defendants.  On remand, the trial court is directed to fix the time within which McFadden must post the bond in accordance with section 391.3, subdivision (a).  Each side is to bear its own costs on appeal.

NOT TO BE PUBLISHED.


CHANEY, J.


We concur:


ROTHSCHILD, P. J.


LUI, J.

9